J-S20010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER PAUL GRABASKAS | : | |
| | : | |
| Appellant | : | No. 1280 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 21, 2021
In the Court of Common Pleas of Indiana County Criminal Division at
No(s):  CP-32-CR-0000491-2020

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: SEPTEMBER 7, 2022**

Appellant Peter Paul Grabaskas appeals from the judgment of sentence imposed following his convictions for forgery and unsworn falsification to authorities.[1]  Appellant raises evidentiary claims and challenges the sufficiency of the evidence supporting his convictions.  We affirm.

We adopt the trial court's summary of the underlying facts and procedural history of this matter.  ***See*** Trial Ct. Op., 12/17/21, at 1-3.  Briefly, Appellant was charged with forgery and unsworn falsification to authorities based on allegations that he provided altered copies of his Wells Fargo bank records in a civil dispute with his former employer, David Watson.  At trial, Mr. Watson's civil attorney, Stephen Streib, Esq., testified for the Commonwealth.  ***See*** N.T. Trial, 4/7/21, at 154-200.  Attorney Streib

_____

[1] 18 Pa.C.S. § 4101(a)(3) and 4904(a)(2), respectively.

explained that he subpoenaed Wells Fargo for Appellant's bank records after he noticed discrepancies in the financial statements that Appellant provided during discovery. *Id.* at 175. The Commonwealth then moved to introduce the Wells Fargo statements into evidence. Appellant objected, claiming that the records were inadmissible hearsay and that they violated his Confrontation Clause rights because the custodian of records was not present to testify. *Id.* at 176-77. The trial court overruled Appellant's objection and the bank statements were admitted as exhibits.

Ultimately, the trial court found Appellant guilty of both charges. On June 20, 2021, the trial court sentenced Appellant to concurrent terms of two years' probation for each offense.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement in which he challenged the admission of the Wells Fargo bank statements and the sufficiency of the evidence.[2] The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

Appellant raises multiple issues on appeal, which we have reordered as follows:

   1. Whether the [trial c]ourt erred as a matter of law by admitting the evidence regarding charges 1 (forgery - utters forged

---

[2] In his Rule 1925(b) statement, Appellant included three claims concerning the admissibility of the Wells Fargo bank statements. *See* Rule 1925(b) Statement, 11/5/21, at 1-2. He also argued that the evidence was insufficient to support his convictions because "the evidence admitted for such charges violated the Confrontation Clause of the Sixth Amendment of the United States and Article 1 Section 9 of the Pennsylvania Constitution and/or Pennsylvania Hearsay Rule" *Id.* at 2.

writing) and 2 (unsworn falsification to authorities: forged/altered document) without [Appellant] having the opportunity to confront and cross-examine the custodian, or other qualified witness, for such evidence and thereby violated the Pennsylvania hearsay rule?

2. Whether the [trial c]ourt erred as a matter of law by admitting the evidence regarding charges 1 (forgery - utters forged writing) and 2 (unsworn falsification to authorities: forged/altered document) without [Appellant] having the opportunity to confront and cross-examine the custodian, or other qualified witness, for such evidence and thereby violated [Appellant's] right to confront the witnesses against him under the Sixth Amendment of the United States Constitution?

3. Whether the [trial c]ourt erred as a matter of law by admitting the evidence regarding charges 1 (forgery - utters forged writing) and 2 (unsworn falsification to authorities: forged/altered document) without [Appellant] having the opportunity to confront and cross-examine the custodian, or other qualified witness, for such evidence and thereby violated [Appellant's] right to confront the witnesses against him under Article I § 9 of the Pennsylvania Constitution?

4. Whether the [trial c]ourt erred as a matter of law by finding [Appellant] guilty of charges 1 (forgery - utters forged writing) and 2 (unsworn falsification to authorities: forged/altered document) insufficient evidence, as the evidence admitted for such charges violated the Confrontation Clause of the Sixth Amendment of the United States and Article I § 9 of the Pennsylvania Constitution and/or the Pennsylvania Hearsay Rule?

Appellant's Brief at 4-5 (some formatting altered).

**Hearsay Evidence**

In his first issue, Appellant argues that the trial court erred by allowing the Commonwealth to introduce his Wells Fargo bank statements through Atorney Streib's testimony at trial. *Id.* at 14. In support, Appellant argues that although the documents were business records, Attorney Streib "had no

- 3 -

personal knowledge of the documents and could not provide sufficient information relating to the preparation and maintenance of the documents." *Id.* Therefore, Appellant concludes that the Wells Fargo statements were "unreliable and therefore hearsay, because they were admitted without a qualifying witness to provide sufficient information relating to the preparation and maintenance of the records to justify trustworthiness." *Id.*

We review a trial court's evidentiary rulings for an abuse of discretion. *Commonwealth v. Rivera*, 238 A.3d 482, 492 (Pa. Super. 2020) (citation omitted), *appeal denied*, 250 A.3d 1158 (Pa. 2021).

Hearsay is an out-of-court statement offered for the truth of the matter asserted. *See* Pa.R.E. 801(c). Generally, hearsay evidence is inadmissible "except as provided by [the Rules of Evidence], by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802. However, "[f]acially inadmissible hearsay still may be introduced as substantive evidence for the truth of the matter asserted if the statement falls under one of numerous exceptions to the general hearsay proscription." *Commonwealth v. Fitzpatrick*, 255 A.3d 452, 458 (Pa. Super. 2021).

Rule 803 sets forth several hearsay exceptions that may apply "regardless of whether the declarant is available as a witness[.]" Pa.R.E. 803. One such exception is for records of a regularly conducted activity under Pa.R.E. 803(6), which provides:

> **(6) Records of a Regularly Conducted Activity.** A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6)(A)-(E).

Rule 902 of the Pennsylvania Rules of Evidence provides that certain "items of evidence are self-authenticating [and] they require no extrinsic evidence of authenticity in order to be admitted[.]" *Id.* Business records are self-authenticating under Rule 902(11), which states:

The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with Pa.R.C.P. No. 76. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.

Pa.R.E. 902(11).

Here, the trial court addressed Appellant's challenge to the Wells Fargo bank records as follows:

> The documents at issue are Wells Fargo financial statements. These statements were transmitted by Wells Fargo employees. It is undisputable that keeping financial statements would be a regularly conducted activity at a financial institution and that making such records were a regular practice. The records were accompanied with business records declarations certified by Wells Fargo employees as required by Rule 902(11), and as such are self-authenticating. Finally, there is no indication that Wells Fargo is an untrustworthy source or that the circumstances indicate a lack of trustworthiness. Accordingly the [c]ourt determines that the financial statements obtained from Wells Fargo were properly admitted under the business records exception to the hearsay rule as self-authenticated documents.

Trial Ct. Op., 12/17/21, at 4-5.

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Rivera*, 238 A.3d at 492. As noted by the trial court, the bank statements were accompanied by a certification from Wells Fargo, *see* N.T. Trial at 176, which met the requirements for the business record exception. *See* 803(6)(A)-(C); Pa.R.E. 902(11). Further, the record confirms that Appellant did not establish that "the source of information or other circumstances indicate[d] a lack of trustworthiness." *See* Pa.R.E. 806(6)(E). Therefore, the trial court did not err by allowing the Commonwealth to admit the Wells Fargo bank statements at trial.

**Confrontation Clause**

Appellant also argues that the trial court violated his Confrontation Clause rights by admitting "various Wells Fargo documents, which were

testimonial in nature, without a representative of Wells Fargo present."
Appellant's Brief at 10. In support, Appellant notes that the bank statements were introduced through testimony from Attorney Streib, who compared the documents and concluded that "Appellant altered the financial documents he provided to [Attorney Streib] in discovery." **Id.** Therefore, Appellant concludes that "[Attorney] Streib's testimony was testimonial in nature." **Id.**

"Whether a defendant has been denied his right to confront a witness under the Confrontation Clause of the Sixth Amendment to the United States Constitution, made applicable to the States via the Fourteenth Amendment, is a question of law, for which our standard of review is *de novo* and our scope of review is plenary." **Rivera**, 238 A.3d at 492 (citation omitted).

It is well settled that the Confrontation Clause applies solely to statements that are testimonial in nature. **Commonwealth v. Williams**, 103 A.3d 354, 358-59 (Pa. Super. 2014). The United States Supreme Court has explained that "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial." **Melendez-Diaz v. Massachusetts**, 557 U.S. 305, 310-11 (2009). Therefore, "whether business records are subject to the Confrontation Clause depends on the purpose of the evidence (*i.e.*, whether the evidence was made for the 'purpose of establishing or proving some fact'

relevant to criminal prosecution).” ***Commonwealth v. Dyarman***, 73 A.3d 565, 571 (Pa. 2013) (quoting ***Melendez-Diaz***, 557 U.S. at 310).

Here, the record reflects that the Wells Fargo bank statements were prepared in the course of the bank's regular business and not for the purpose of establishing any fact related to Appellant's criminal case. ***See Melendez-Diaz***, 557 U.S. at 310; ***Dyarman***, 73 A.3d at 571. Therefore, because the bank records were non-testimonial in nature, the admission of that evidence did not violate Appellant's confrontation rights. ***See Williams***, 103 A.3d at 358-59. Finally, the record reflects that Appellant extensively cross-examined Attorney Streib at trial.[3] ***See*** N.T. Trial at 200-215. Accordingly, Appellant is not entitled to relief.

### Sufficiency of the Evidence

In his remaining issue, Appellant challenges the sufficiency of the evidence supporting his convictions for both forgery and unsworn falsification to authorities. Appellant's Brief at 15.

However, before addressing Appellant's claim, we must address whether he has preserved it for review. The Pennsylvania Rules of Appellate Procedure provide that, when an appellant is ordered to file a Rule 1925(b) statement, he must “concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge.” Pa.R.A.P. 1925(b)(4)(ii). Issues not included in a Rule 1925(b) statement will be

---

[3] Therefore, to the extent Appellant seeks relief based on the fact that Attorney Streib's trial testimony was “testimonial,” that claim is meritless.

deemed waived. Pa.R.A.P. 1925(b)(4)(vii). Further, this Court has explained that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted).

Here, Appellant filed a Rule 1925(b) statement in which he argued that the evidence was insufficient because "the evidence admitted for such charges violated the Confrontation Clause of the Sixth Amendment of the United States and Article 1 Section 9 of the Pennsylvania Constitution and/or Pennsylvania Hearsay Rule" *See* Rule 1925(b) Statement, 11/5/21, at 2. Because Appellant failed to specify which elements of each conviction he sought to challenge on appeal, we conclude that Appellant's claim is waived. *See Garland*, 63 A.3d at 344. Further, as discussed previously, Appellant's evidentiary claims are meritless. Therefore, even if Appellant properly preserved his sufficiency claim, he would not be entitled to relief. For these reasons, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/7/2022